UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIONE O. MORGAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EDWARD ROSE OF INDIANA, LLC, )<br>)<br>Defendant. ) | Case No. 1:24-cv-00148-HAB-SLC |

## REPORT AND RECOMMENDATION

Before the Court in this employment discrimination and retaliation case is Defendant's motion to dismiss or, alternatively, for summary judgment (ECF 10), together with a supporting brief, a statement of material facts, and supporting evidence (ECF 11, 12, 13), filed on April 17, 2024. In the motion, Defendant asks the Court to dismiss Plaintiff's case in its entirety under Federal Rule of Civil Procedure 12(b)(1) because Defendant never employed Plaintiff and he lacks standing to bring this action. (ECF 10 at 1). Alternatively, Defendant seeks summary judgment in its favor under Rule 56 based on a contractually agreed-upon limitations period. (*Id.* at 1-2). If dismissal is not granted on either of these grounds, Defendant asks that Plaintiff's Title VII gender-based claims be dismissed pursuant to Rule 12(b)(6) for failure to administratively exhaust his remedies and as time-barred. (*Id.* at 2).

On May 14, 2024, twenty-seven days after Defendant filed its motion to dismiss/motion for summary judgment, Plaintiff filed a motion to amend complaint in lieu of a response to Defendant's motion to dismiss/motion for summary judgment (the "motion to amend") (ECF 15), together with a proposed amended complaint and exhibits (ECF 15-1, 15-2), seeking to properly identify the defendant employer and clarify his factual allegations. Plaintiff asks that the

Court grant his motion to amend and deem Defendant's motion to dismiss/motion for summary judgment moot. (ECF 15 at 3). On May 28, 2024, Defendant filed a response brief with additional exhibits in opposition to the motion to amend. (ECF 18, 18-1 to 18-12). Plaintiff did not file a reply brief to the motion to amend, and his time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3).

On July 9, 2024, Chief District Judge Holly A. Brady entered an Order pursuant to 28 U.S.C. § 636(b) and Northern District of Indiana Local Rule 72-1(b), referring Defendant's motion to dismiss/motion for summary judgment to the undersigned Magistrate Judge to prepare a report and recommendation. (ECF 21). Additionally, because I view the motion to amend and motion to dismiss/motion for summary judgment as interrelated, I *sua sponte* include the motion to amend in this Report and Recommendation, deferring the disposition of the motion to amend to the district judge to address with the motion to dismiss/motion for summary judgment. Having now reviewed the motions, briefs, and supporting materials, I recommend that Defendant's motion to dismiss/motion for summary judgment be treated as a motion for summary judgment, and that both the summary judgment motion and Plaintiff's motion to amend be GRANTED IN PART and DENIED IN PART.

## I. APPLICABLE LEGAL STANDARDS

*A. Motion to Dismiss/Motion for Summary Judgment*

"A motion to dismiss pursuant to Rule 12(b)(1) . . . challenges a court's subject matter jurisdiction." *Cramer v. Bank of Am., N.A.*, No. 12 C 8681, 2013 WL 2384313, at *2 (N.D. Ill. May 30, 2013) (citing Fed. R. Civ. P. 12(b)(1)). "The standard of review for a Rule 12(b)(1) motion to dismiss depends upon the purpose of the motion." *Id.* (citation omitted). "The Court

2

analyzes the motion to dismiss under Rule 12(b)(1) as any other motion to dismiss: assuming for purposes of the motion that all of the well-pleaded allegations in the complaint are true and drawing all reasonable inferences in favor of the nonmoving party." *Id.* (citing *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001)). In a Rule 12(b)(1) motion, "the Court may properly look beyond the jurisdictional allegations in the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* at *2 (citing *Apex Digit., Inc. v. Sears Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009)).

Having said that, "the Supreme Court has held that the question of whether a party is an employer within the meaning of Title VII is an element of the party's claim, and is not a jurisdictional question." *Kim v. StoneX Grp. Inc.*, No. 22-cv-02392, 2022 WL 17082574, at *1 (N.D. Ill. Nov. 18, 2022) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006)). In such circumstances, courts assess the motion to dismiss under the standard in Rule 12(b)(6), rather than 12(b)(1). *Id.* "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *see also Ray v. City of Chi.*, 629 F.3d 660, 662-63 (7th Cir. 2011). "When ruling on a Rule 12(b)(6) motion, a court generally may consider only the plaintiff's complaint." *Macias v. Bakersfield Rest., LLC*, 54 F. Supp. 3d 922 (N.D. Ill. May 28, 2014) (citing *Roseonblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002)); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

"When a party attaches documents to a motion to dismiss, the court must either convert

3

the 12(b)(6) motion into a motion for summary judgment under Rule 56, or exclude the documents attached to the motion to dismiss and continue under Rule 12." *Macias*, 54 F. Supp. 3d at 926-27 (citing *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); Fed. R. Civ. P. 12(d)). A narrow exception to this general rule exists in that the court "may consider documents attached to pleadings without converting a motion to dismiss into a motion for summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims." *Mirror Finish PDR, LLC v. Cosm. Car Co. Holdings, Inc.*, 513 F. Supp. 3d 1054, 1064 (S.D. Ill. Jan. 15, 2021) (citing *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); *Geinosky v. City of Chi.*, 675 F.3d 743, 745 (7th Cir. 2012)).

"The district court ultimately has discretion in determining whether to convert a motion to dismiss into a motion for summary judgment." *Macias*, 54 F. Supp. 3d at 927 (citations omitted); *see also Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). If the court does decide to convert the motion to dismiss to a motion for summary judgment, the parties must "be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." *Tri-Gen Inc. v. Int'l Union of Operating Eng'rs, Loc. 150, AFL-CIO*, 433 F.3d 1024, 1029 (7th Cir. 2006) (quoting Fed. R. Civ. P. 12(b)). "Adequate notice is provided when the moving party frames its motion in the alternative as one for summary judgment." *Id.*; *see also Thompson v. Cope*, 900 F.3d 414, 425-26 (7th Cir. 2018); *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010); *Stevens v. U.S. Dep't of Health & Hum. Servs.*, 666 F. Supp. 3d 734, 741-42 (N.D. Ill. Mar. 30, 2023).

Summary judgment may be granted only if there are no disputed genuine issues of material fact. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cr. 2003). When ruling on a motion for

summary judgment, a court "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Id.* (collecting cases). The only task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted). If the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmoving party, summary judgment may not be granted. *Payne*, 337 F.3d at 770. A court must construe the record in the light most favorable to the nonmoving party and avoid "the temptation to decide which party's version of the facts is more likely true[,]" as "summary judgment cannot be used to resolve swearing contests between litigants." *Id.* (citations omitted). "[A] party opposing summary judgment may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact for trial." *Id.* at 771 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

*B. Motion to Amend the Complaint*

Federal Rule of Civil Procedure 15(a)(1) provides that "a party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." A party must seek the Court's leave or the written consent of the opposing party when the moving party can no longer amend its pleading as a matter of right. Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave [to amend] when justice so requires," *id.*, and "the decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court," *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978) (citations omitted).

5

Having said that, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citation omitted). In the context of a motion to amend filed in response to a motion to dismiss, "a district court may deny a motion to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (citation and internal quotation marks omitted).

## II. THE COURT WILL TREAT DEFENDANT'S MOTION AS A MOTION FOR SUMMARY JUDGMENT

Defendant submitted matters outside the pleadings in connection with its motion to dismiss/motion for summary judgment, including an Applicant Agreement, an Employee Acknowledgment Form, two Declarations of Joan Morehead, the Chief Human Resources Officer of Edward Rose Building Enterprise, LLC, several corporate communications, and various other documents. (ECF 13-1 to 13-8; ECF 18-1 to 18-2). Given that Defendant explicitly "frames its motion in the alternative as one for summary judgment," adequate notice of the summary judgment motion has been provided to Plaintiff. *Miller*, 600 F.3d at 733. As such, I exercise my discretion to consider the submitted materials and treat Defendant's motion as a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d); *Miller*, 600 F.3d at 733.[1]

---

[1] Having said that, even if I excluded Defendant's submissions outside the pleadings and treated the motion as a motion to dismiss under Rule 12(b)(6), the outcome of this Report and Recommendation would ultimately be the same.

6

### III. STATEMENT OF MATERIAL FACTS[2]

In December 2019, Plaintiff applied for employment with Edward Rose & Sons to work at Liberty Mills Apartments. (ECF 12 ¶ 1; ECF 18-3). In her Declarations, Morehead describes Edward Rose & Sons as a privately-held real estate development and management company with a vast portfolio of apartment communities. (ECF 18-2 ¶ 3). She represents that Edward Rose & Sons is not a legal entity that directly owns the apartment communities or employs workers, and that apartment communities are owned by "several affiliated entities that operate under the trade name of Edward Rose & Sons." (*Id.* ¶ 4). Morehead further states that prior to December 2022, three operating entities—Personnel Management, Inc., Manifold Services, Inc., and Rose Property Group—employed the workers at different apartment communities. (*Id.* ¶ 5).

Plaintiff completed an employment application as part of the hiring process in December 2019. (ECF 12 ¶ 2; ECF 18-3). In the application, Plaintiff signed an Applicant Agreement containing the following contractual limitations provision:

> In consideration of the Company's review of my application, I agree that any claim or lawsuit arising out of my application or candidacy for employment, my employment, and/or the cessation of my employment with Personnel Management, Inc. or any of its subsidiaries, must be filed no more than **180 days** after the date of the employment action giving rise to the claim, or the time limits provided in any statute for such claims, **whichever is shorter**, or be forever barred. This includes claims or lawsuits against not only Personnel Management, Inc., but also its owners, officers, employees and agents. . . . While I understand that the statute of limitations for claims arising out of an employment action may be longer than 180 days, I agree to be bound by the 180 day period of limitations set forth herein, and **I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY**. Should a court determine in some future lawsuit that this provision allows an unreasonably short period of time to commence a lawsuit, the court shall enforce this provision as far as possible and shall declare the lawsuit

---

[2] For summary judgment purposes, the facts are recited in the light most favorable to the nonmoving party. *Payne*, 337 F.3d at 770. Having said that, Plaintiff did not submit a statement of material facts, and thus, the Court generally recites the facts as described by Defendant in its Statement of Material Facts. (ECF 12).

> barred unless it was brought within the minimum reasonable time within which the suit should have been commenced.

(ECF 18-3 at 5; *see* ECF 12 ¶ 3).

In January 2020, Plaintiff started working at Liberty Mills Apartments in grounds maintenance. (ECF 12 ¶ 4; ECF 13-2). During the onboarding process, Plaintiff signed an Employee Acknowledgment Form, which stated that he had received a copy of the Manifold Services, Inc., Employment Handbook, understood the policies therein, and agreed to adhere to the provisions stated therein. (ECF 13-3; *see* ECF 12 ¶ 5). The Employee Acknowledgment Form included the following contractual limitations provision:

> I also understand that any action or suit against the Company, arising out of my application or candidacy for employment, my employment and/or the cessation of my employment, must be brought ***within 180 days*** of the event giving rise to the claim, or the time limits provided in any statute for such claims, ***whichever is shorter***, or be forever barred. I expressly waive any limitation period which is longer than 180 days, ***except for claims which must be brought first before the Equal Employment Opportunity Commission***. The claims to which this paragraph refers include, but are not necessarily limited to, claims under federal, state, and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendment of the Civil Rights Act of 1991, the American[]s with Disabilities Act, and any state or local equivalent of such acts, the law of contract and the law of tort.

(ECF 13-3; *see* ECF 12 ¶ 6). Defendant represents that for most of his employment, Plaintiff worked for Manifold Services, Inc., which is involved in the operation of Liberty Mills Apartments. (ECF 13-4 ¶ 3; *see* ECF 12 ¶ 8).

In her Declarations, Morehead states that on or about December 16, 2022, Manifold Services, Inc., along with other affiliated entities under the trade name of Edward Rose & Sons, "integrated their human resources and employment practices under one entity, Edward Rose Building Enterprise, LLC." (ECF 13-4 ¶ 4; *see* ECF 12 ¶ 9). Morehead describes Edward Rose

8

Building Enterprise, LLC, as "the successor entity of Personnel Management, Inc., Manifold Services, Inc., and Rose Property Group." (ECF 18-2 ¶ 6). She states that following the merger, Plaintiff was still expected to follow the same policies and procedures as with Manifold Services, Inc., and that the terms and conditions of his employment remained the same through his termination on January 13, 2023. (*Id.* ¶¶ 8-9; ECF 13-4 ¶ 5; ECF 13-7). Morehead declares that Plaintiff never worked for Defendant Edward Rose of Indiana, LLC, and that at the time of his termination, he was employed by Edward Rose Building Enterprise, LLC. (ECF 12 ¶¶ 7, 10; ECF 13-4 ¶¶ 5, 6).

On August 5, 2023, which was 204 days after his termination, Plaintiff filed a discrimination charge against "Edward [R]ose and [S]on" with the Equal Employment Opportunity Commission (EEOC) (the "EEOC Charge"). (ECF 2 at 6-7; ECF 12 ¶ 14). In the relevant box on the EEOC Charge, Plaintiff complained of discrimination and harassment based on "Color, Race, [and] Retaliation." (ECF 2 at 6). In the body of the EEOC Charge, he also complained of "several incidents of sexual harassment," occurring in or around July 2022. (*Id.* at 7). On November 30, 2023, the EEOC issued Plaintiff a Determination and Notice of Rights letter (the "EEOC Notice"), which informed Plaintiff of the dismissal of the EEOC Charge and his right to file a lawsuit within ninety days of his receipt of the EEOC Notice. (ECF 2 at 8).

On February 22, 2024, Plaintiff filed this lawsuit against Defendant Edward Rose of Indiana, LLC, in Allen Superior Court, asserting that "Defendant discriminated against him, harassed him, and retaliated against him on the basis of his race and color, as well as his sex (male), in violation of Title VII and 42 U.S.C. § 1981." (ECF 2 ¶ 16). Defendant subsequently removed the case to federal court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1446(a). (ECF

9

1). Defendant filed the motion to dismiss/motion for summary judgment on April 17, 2024, and Plaintiff filed the motion to amend on May 14, 2024. (ECF 10, 15). At a hearing on May 22, 2024, which was scheduled as a preliminary pretrial conference, the Court stayed all discovery pending the Court's ruling on the motion to dismiss/motion for summary judgment. (ECF 17).

### IV. ANALYSIS

*A. Defendant's Argument That Plaintiff Never Worked for Defendant*

Defendant first argues that Plaintiff's complaint should be dismissed because he was never employed by Defendant Edward Rose of Indiana, LLC, and thus, "he sued the wrong party." (ECF 11 at 7); *see Tritsis v. Bankfinancial Corp.*, No. 16 C 02052, 2016 WL 3551695, at *2 (N.D. Ill. June 30, 2016) (dismissing complaint without prejudice where "based on the face of the complaint and the attached employment agreement, [the plaintiff] was not an employee of [the defendant]"). According to Defendant, for most of his employment Plaintiff "worked for Manifold Services, Inc., which is involved in the operation of Liberty Mills Apartments," "a property held within the Edward Rose & Sons family of affiliated companies." (ECF 18-5 ¶¶ 2, 3). As stated earlier, Defendant claims that on or about December 16, 2022, "Manifold Services, Inc., along with other affiliated entities under the trade name of Edward Rose & Sons, integrated their human resources and employment practices under one entity, Edward Rose Building Enterprise, LLC," and thus, that Plaintiff was employed by Edward Rose Building Enterprise, LLC, at the time of his termination. (*Id.* ¶¶ 4, 5).

In response, Plaintiff seeks leave to amend his complaint to name Edward Rose Building Enterprise, LLC, as the defendant employer instead of Edward Rose of Indiana, LLC, thereby attempting to remedy the first purported deficiency cited by Defendant in its motion to dismiss.

10

(ECF 15). Defendant, however, opposes Plaintiff's motion to amend on several grounds, which the Court will discuss in turn. (ECF 18 at 6).

### B. Defendant's Argument That Plaintiff's Motion to Amend Is Untimely

Defendant first argues that Plaintiff's motion to amend should be denied as untimely. Defendant filed the motion to dismiss on April 17, 2024 (ECF 10), and thus under Rule 15(a)(1)(B), Plaintiff had to and including May 8, 2024, to amend his complaint as a matter of course or otherwise respond to the motion to dismiss. *See* Fed. R. Civ. P. 15 (a)(1)(B); N.D. Ind. L.R. 7-1(d)(2). Plaintiff, however, did not seek leave to amend his complaint until May 14, 2024 (ECF 15), and therefore, the amended complaint cannot be entered as a matter of course pursuant to Rule 15(a)(1)(B). Rather, Plaintiff can only amend his complaint with the Court's leave or the written consent of Defendant. *See* Fed. R. Civ. P. 15(a)(2).

The Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This case is still in its infancy, as no Rule 16 deadlines have yet been set for the parties to seek leave to amend their pleadings. *See, e.g.*, *Bonner v. Cortrust Bank, N.A.*, No. 2:05-CV-137-PPS, 2005 WL 8170150, at *1 (N.D. Ind. June 24, 2005) (granting the plaintiff leave to amend where the complaint was recently filed, the court had not yet held a Rule 16(b) scheduling conference, and the request was relatively timely after the plaintiff learned of an additional plaintiff). "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). While Defendant's futility arguments will be addressed *infra*, the timeliness of Plaintiff's motion to amend is not grounds to deny it.

*C. Defendant's Argument That Plaintiff Failed to Administratively
Exhaust His Title VII Gender Discrimination Claims*

Defendant also argues that Plaintiff's Title VII gender discrimination claim should be dismissed due to his failure to raise a gender discrimination claim in his EEOC Charge. (ECF 11 at 9; ECF 18 at 12). Plaintiff does not respond to this argument.

"Generally, a plaintiff may not bring claims under Title VII that were not originally included in the charges made to the EEOC." *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003) (citations omitted); *see Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003) ("Title VII does not authorize the filing of suit until the plaintiff has exhausted his administrative remedies . . . ." (citation omitted)). "The only qualification to this principle applies to claims that are 'like or reasonably related' to the EEOC charge, and can be reasonably expected to grow out of an EEOC investigation of the charges. Those claims may also be brought." *Sitar*, 344 F.3d at 726 (citation omitted); *see Reynolds v. Tangherlini*, 737 F.3d 1093, 1099-100 (7th Cir. 2013) ("In Title VII cases, the scope of the complaint brought before the administrative agency limits the scope of subsequent civil proceedings in federal court; in other words, plaintiffs may pursue only those claims that could reasonably be expected to grow out of the administrative charges." (citations omitted)).

In the relevant box on his EEOC Charge, Plaintiff complained of discrimination based on "Color, Race, [and] Retaliation." (ECF 2 at 6; ECF 15-2 at 1). In the body of EEOC Charge, he also said that he experienced "several incidents of sexual harassment," one of which he describes as follows: "While I was cutting and laying flooring, [Wade] would come and stand awkwardly in front of me which would result in his private part being in my face since I was kneeling on the floor." (ECF 2 at 7; ECF 15-2 at 2). He further writes that he reported the incident to human

12

resources "on or around July 6th, 2022," but was told that it was not sexual harassment. (ECF 2 at 7; ECF 13-8 at 4-5; ECF 15-2 at 2).

Plaintiff does not, however, describe any incidents pertaining to gender discrimination in the EEOC Charge or assert that he suffered discrimination based on his gender. "Normally, retaliation, sex discrimination, and sexual harassment charges are not 'like or reasonably related' to one another to permit an EEOC of one type of wrong to support a subsequent civil suit for another." *Kimberly v. Horizon Fin. Mgmt.*, 2017 WL 5715021, at *4 (N.D. Ind. Nov. 28, 2017); *see also DeLeon v. Enter. Leasing Co.-Se.*, No. 5:97-CV-972-H 2, 1998 WL 469900, at *3 (E.D.N.C. May 22, 1998) (noting that sexual harassment and a sexually hostile work environment are "distinct from other forms of sex discrimination"); *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 746 (D. Md. 1996) ("It is unreasonable to assume that the mere mention of 'sex' in the administrative charge will invoke an investigation into all possible bases of discrimination based on sex by the employer."); *cf. Cheek v. W. & S. Life ins. Co.*, 31 F.3d 497, 503 (7th Cir. 1994) ("Ordinarily, a claim of sexual harassment cannot be reasonably inferred from allegations in an EEOC charge of sexual discrimination.").

As a result, Plaintiff's Title VII gender discrimination claim should be dismissed for failure to exhaust his administrative remedies due to his failure to raise a gender discrimination claim in his EEOC Charge. Allowing an amended complaint that includes a Title VII gender discrimination claim would be futile.

*D. Defendant's Argument That Plaintiff's Title VII Sexual Harassment
and Associated Retaliation Claims Are Time-Barred*

Defendant further argues that Plaintiff's Title VII sexual harassment and retaliation claims for reporting alleged sexual harassment should be dismissed as time-barred. Defendant observes that the alleged sexual harassment incident and report to Defendant that Plaintiff describes in his EEOC Charge occurred in or about July 2022, and that Plaintiff did not file his EEOC Charge until more than 300 days later, on August 5, 2023. (ECF 11 at 10).

"In order to bring suit in federal court under Title VII for sexual harassment, a plaintiff must have filed a charge with the EEOC detailing the incident(s) forming the basis of the plaintiff's allegations within 300 days of the date of the occurrence of the alleged discriminatory conduct or event." *Hentosh v. Herman M. Finch Univ. of Health Scis./Chi. Med. Sch.*, 167 F.3d 1170, 1173-74 (7th Cir. 1999) (citing 42 U.S.C. § 2000e-5(e); *EEOC v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 970 (7th Cir. 1996); *Koelsch v. Beltone Elecs. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995)); *see Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 445 (7th Cir. 1994) ("In a deferral state, such as Indiana, a charge must be filed within 300 days of the occurrence of the act that is the basis of the complaint."). As such, Plaintiff's claims of sexual harassment and associated retaliation are untimely given that Plaintiff failed to file an EEOC Charge advancing sexual harassment and associated retaliation claims within 300 days of the July 2022 incident and report to Defendant.

Nor does Plaintiff assert that the doctrines of waiver, estoppel, or equitable tolling should apply in the circumstances presented. *See Hentosh*, 167 F.3d at 1174 ("The timely filing of an EEOC charge . . . is . . . akin to a statute of limitations and subject to waiver, estoppel, and equitable tolling under appropriate circumstances."). Consequently, Plaintiff's Title VII sexual

14

harassment and associated retaliation claims should be dismissed as time barred. Allowing an amended complaint that includes Title VII sexual harassment and associated retaliation claims would be futile. *See, e.g.*, *Speer v. Rand McNally & Co.*, 123 F.3d 658, 662 (7th Cir. 1997) ("Because Speer filed her sexual harassment charges with the EEOC on July 28, 1995, any alleged conduct before October 1, 1994 is time-barred and cannot form the basis of a sexual harassment suit.").

### E. Defendant's Argument That Plaintiff's § 1981 Claims Are Barred by a 180-Day Contractual Limitations Period

Defendant also argues that all of Plaintiff's § 1981 claims are time-barred by a 180-day contractual limitations period that Plaintiff agreed to in his employment documents. As stated earlier, Plaintiff signed the Applicant Agreement on December 18, 2019, to work at Liberty Mill Apartments, which stated in relevant part:

> In consideration of the Company's review of my application, I agree that any claim or lawsuit arising out of my application or candidacy for employment, my employment, and/or the cessation of my employment with Personnel Management, Inc. or any of its subsidiaries, must be filed no more than **180 days** after the date of the employment action giving rise to the claim, or the time limits provided in any statute for such claims, **whichever is shorter**, or be forever barred. This includes claims or lawsuits against not only Personnel Management, Inc., but also its owners, officers, employees and agents. . . . While I understand that the statute of limitations for claims arising out of an employment action my be longer than 180 days, I agree to be bound by the 180 day period of limitations set forth herein, and **I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY.**

(ECF 18-3). Similarly, Plaintiff signed the Employee Acknowledgment Form on January 16, 2020, which stated that he had read the Employment Handbook of Manifold Services, Inc., and that:

> I also understand and agree that any action or suit against the Company, arising out of my application or candidacy for employment, my employment, and/or the

15

>cessation of my employment, must be brought **within 180 days** of the event giving rise to the claim, or the time limits provided in any statute for such claims, **whichever is shorter**, or be forever barred. I expressly waive any limitation period which is longer than 180 days, *except for claims which must be brought first before the Equal Employment Opportunity Commission*. The claims to which this paragraph refers include, but are not necessarily limited to, claims under federal, state, and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendment of the Civil Rights Act of 1991, the American[s] with Disabilities Act, and any state or local equivalent of such acts, the law of contract and the law of tort.

(ECF 13-3). Defendant contends these documents, taken together with the evidence it submitted about the integration of properties held within "the Edward Rose & Sons family of affiliated companies" (ECF 13-4 ¶ 2), are sufficient to show that Plaintiff was still bound by the 180-day contractual limitations period when employed by Edward Rose Building Enterprise, LLC.

In response, Plaintiff argues that the Applicant Agreement was between him and "Personnel Management, Inc. or any of its subsidiaries" ("PMI") (ECF 13-1), not Edward Rose Building Enterprise, LLC , and that "there is no indication that Edward Rose Building Enterprise, LLC is a subsidiary of PMI." (ECF 15 ¶ 1 (internal quotation marks omitted)). He further emphasizes that the Employee Acknowledgment Form he signed was for Manifold Services, Inc., not Edward Rose Building Enterprise, LLC. (*Id.* ¶ 3). As such, Plaintiff asserts that he "never signed a contract with Edward Rose Building Enterprise, LLC containing a 180-day shortened statute of limitations," and that "there is no indication that the contract with Manifold Services, Inc. extended to his new employment with Edward Rose Building Enterprise, LLC." (*Id.*).

Defendant relies heavily on Morehead's Declarations in claiming that Edward Rose Building Enterprise, LLC, is "the successor entity" to Personnel Management, Inc., and

Manifold Services, Inc. The record, however, is completely devoid of any merger or corporate governance documents to substantiate the terms of the purported merger or assignment. As such, the statement in Morehead's Declaration regarding "the successor entity" seems akin to an impermissible legal conclusion. *See Wells Fargo Bank, N.A. v. Keystone Prop. Fund II, L.P.*, No. 12 C 4514, 2013 WL 12618357, at *2 n.3 (N.D. Ill. Sept. 27, 2013) ("To the extent that the Arreola affidavit contains legal conclusions, such as statements that certain defendants 'are jointly and severally liable' for certain obligations, the court disregards those statements."); *RBS Citizens, N.A. v. Ramzanali,* No. 09 C 05248, 2011 WL 2565941, at *2 n.3 (N.D. Ill. June 29, 2011) ("[T]his Court is able to disregard [legal] conclusions without striking the entire affidavit."); *In re Associated Bicycle Serv., Inc.*, 128 B.R. 436, 442 (N.D. Ind. Sept. 25, 1990) ("As a general rule affidavits of opinion or legal conclusions submitted in connection with a motion for summary judgment are totally ineffectual and are not to be given any weight what[so]ever.").

While Defendant did submit several corporate marketing or communication-related documents in support, such as a "2022 Year in Review," a video message from the CEO to employees, and an internal communication email referring to "single employer organization" or a "new single company" (ECF 18-7 to 18-10), these corporate communications, standing alone, do not establish the terms of the merger or a valid assignment.[3] Given this lack of evidence, the Court need not reach the parties' additional dispute whether such a contractual limitations period

---

[3] In fact, the CEO's and Morehead's email communications never even mentioned Edward Rose Building Enterprise, LLC, conveying instead to employees that they would become employees of Edward Rose & Sons. (ECF 18-7, 18-8, 18-10).

17

is enforceable under applicable law and legal policy to time-bar Plaintiff's § 1981 claims, or for that matter, his Title VII claims.

In sum, the record at this early stage of the litigation is not sufficiently developed to conclude as a matter of law that Plaintiff's proposed amended complaint naming Edward Rose Building Enterprise, LLC, would be futile based on the 180-day contractual limitations provision included in the Applicant Agreement and the Employee Acknowledgment Form. Given that the Court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the more prudent course is to deny Defendant's motion for summary judgment on the 180-day contractual limitations period argument and allow Plaintiff to amend his complaint to name Edward Rose Building Enterprise, LLC, as the defendant. After the parties have further developed the record through the discovery process, Defendant may file another summary judgment motion on the purported 180-day contractual limitations period supported with proper evidence, including relevant merger, assignment, and/or corporate governance documents.

## V. CONCLUSION

For the foregoing reasons, I RECOMMEND that Defendant's motion to dismiss, or alternatively, for summary judgment (ECF 10) be treated as a motion for summary judgment, and that the motion be GRANTED as to Plaintiff's Title VII claims for gender discrimination, sexual harassment, and associated retaliation, but DENIED as to his Title VII claims for color and race discrimination and associated retaliation and DENIED as to all his § 1981 claims. I further RECOMMEND that Plaintiff's motion to amend complaint (ECF 15) be GRANTED as to Plaintiff's Title VII claims for color and race discrimination and associated retaliation, and GRANTED as to all his § 1981 claims, but DENIED as to his Title VII claims for gender

discrimination, sexual harassment, and associated retaliation, which should be removed from his proposed amended complaint (ECF 15-1) before filing.

The Clerk is directed to send a copy of this Report and Recommendation to the parties' counsel. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Brokaw v. Brokaw*, 128 F. App'x 527, 530 (7th Cir. 2005); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Entered this 21st day of August 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge