UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIONE O. MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:24-CV-148-HAB |
| | ) |
| EDWARD ROSE OF INDIANA, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's objection (ECF No. 23) to the Magistrate Judge's Report and Recommendation (ECF No. 22). Defendant argues, generally, that the Magistrate Judge erred in finding that Defendant had failed to show that Edward Rose Building Enterprise, LLC ("ERBE") was a "successor entity" of Manifold Services, Inc. ("Manifold"). The Court reaches the same substantive conclusion as the Magistrate Judge and overrules Defendant's objection.

**I.   Factual and Procedural Background**

In December 2019, Plaintiff applied to a Grounds Technician position at the Liberty Mills Apartments ("Liberty Mills"). Although the application identifies the receiving entity as "Edward Rose & Sons" ("ERS") (ECF No. 23-2 at 2), Plaintiff was applying for a job with Manifold. ERS, it seems, is a trade name for a "family of companies" that owns Liberty Mills and other single family apartment communities. The application contained a lengthy "Applicant Agreement" at the end that read:

> In consideration of the Company's review of my application, I agree that any claim or lawsuit arising out of my application or candidacy for employment, my employment, and/or the cessation of my employment with Personnel Management, Inc. or any of its subsidiaries, must be filed no more than **180 days** after the date of the employment action giving rise to the claim, or the time limits provided in any statute for such claims, **whichever is shorter,** or be forever barred. This includes claims or lawsuits against not only Personnel Management, Inc., but also its owners, officers, employees and agents. I likewise agree that I will not join in any claim or lawsuit brought by any agency, other employee or third party that relates to any employment action occurring more than 180 days prior to my joining the suit. While I understand that the statute of limitations for claims arising out of an employment action may be longer than 180 days, I agree to be bound by the 180 day period of limitations set forth herein, and **I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY.** Should a court determine in some future lawsuit that this provision allows an unreasonably short period of time to commence a lawsuit, the court shall enforce this provision as far as possible and shall declare the lawsuit barred unless it was brought within the minimum reasonable time within which the suit should have been commenced.

Plaintiff was hired by Manifold after completing the application. During onboarding, Plaintiff received an "Employee Acknowledgement Form." That form also included a contractual limitations period that read:

> I also understand and agree that any action or suit against the Company, arising out of my application or candidacy for employment, my employment, and/or the cessation of my employment, must be brought **within 180 days** of the event giving rise to the claim, or the time limits provided in any statute for such claims, **whichever is shorter,** or be forever barred. I expressly waive any limitation period which is longer than 180 days, **except for claims which must be brought first before the Equal Employment Opportunity Commission.** The claims to which this paragraph refers include, but are not necessarily limited to, claims under federal, state, and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendment of the Civil Rights Act of 1991, the American's with Disabilities Act, and any state or local equivalent of such acts, the law of contract and the law of tort.

The parties do not dispute the language of either form. They also agree that Plaintiff signed both forms.

In December 2022, Manifold, "along with other affiliated entities under the trade name Edward Rose & Sons, integrated their human resources and employment practices under one entity, Edward Rose Building Enterprise, LLC." (ECF No. 23-4 at 2). Defendants asserts that Manifold informed its employees "on several occasions of this name change," (ECF No. 23 at 4), providing the Court with a marketing slide show and emails referencing a change to a "single employer organization."[1] From that point until his eventual termination, Plaintiff was employed

---

[1] The Court would note that, when these materials use the name of the new entity, they call it "Edward Rose & Sons" and not ERBE. (*See* ECF Nos. 23-6 at 2 ("We will be consolidating our 3 operating companies under one name Edward

2

by ERBE, and Defendant describes ERBE as a "successor entity" of Manifold. (ECF No. 23-10 at 3). The legal relationship between ERBE and Manifold is unclear, however. Defendant inconsistently refers to the change as an "integrat[ion]" of human resources and employment practices, a "merger," and a simple "entity name change." Defendant has provided no legal documentation showing the relationship between ERBE and Manifold.

In January 2023, Plaintiff was fired after an investigation found that he entered a resident's apartment without authorization. Two hundred and four days later, Plaintiff filed a discrimination charge against Edward Rose & Sons with the EEOC ("Charge"). In the relevant box of the Charge, Plaintiff stated that he suffered discrimination based on "Color, Race, Retaliation," and that the discrimination took place from June 2022 through his termination. (ECF No. 2 at 6). In the body of the Charge, Plaintiff also complained of sexual harassment. (*Id*. at 7). The EEOC issued its Determination and Notice of Rights in November 2023.

Thereafter, in February 2024, Plaintiff sued Edward Rose of Indiana, LLC, in the Allen County, Indiana, Superior Court. His complaint alleged discrimination and retaliation "on the basis of his race and color, as well as his sex (male), in violation of Title VII and 42 U.S.C. § 1981." (*Id*. at 4). Defendant removed the suit to this Court. (ECF No. 1).

Defendant promptly moved to dismiss this case or, in the alternative, for summary judgment. (ECF No. 10). Defendant argued that it never employed Plaintiff, that Plaintiff failed to exhaust his administrative remedies before suing, and that Plaintiff's claim is barred by the contractual limitations period. Rather than respond, Plaintiff moved to amend his complaint to name ERBE as the defendant. (ECF No. 15). Addressing the limitations issue, Plaintiff argued that there was no agreement between he and ERBE and that, in any event, the contractual limitation

---

Rose & Sons!"); 23-9 at 2 ("During this time, our UKG team will be transferring information into our new single company Edward Rose & Sons."). The Court can't find a single reference in the supporting documents to ERBE.

period was contrary to public policy in that it violated "Title VII's procedural requirements." (*Id*. at 2). This Court referred the motion to dismiss to Magistrate Judge Collins for a report and recommendation. (ECF No. 21).

In her Report and Recommendation ("R&R"), Magistrate Judge Collins treated the motion dismiss as one for summary judgment, noting the extra materials submitted by Defendant in response to Plaintiff's motion for leave to amend. (ECF No. 18-1 through -12). Substantively, the R&R found that Plaintiff failed to administratively exhaust his Title VII gender discrimination claims and that his Title VII sexual harassment and related retaliation claims were time-barred. (ECF No. 22 at 12-15). The R&R rejected Defendant's argument that this suit is barred by the contractual limitations period, finding that the record was "not sufficiently developed" to allow a conclusion that ERBE could benefit from Plaintiff's agreement with Manifold. (*Id.* at 15-18). The R&R thus recommended that Defendant's motion for summary judgment be granted as to Plaintiff's Title VII claims for gender discrimination, sexual harassment, and related retaliation, but denied in all other respects. The R&R further recommended that Plaintiff's motion to amend be granted as to Plaintiff's § 1981 claims and his Title VII claims for color and race discrimination but denied as to those claims disposed of by Defendant's motion for summary judgment. (*Id*. at 18-19).

Defendant timely objected to the R&R. (ECF No. 23). Plaintiff did not file a substantive response to the objection, instead pointing the Court to his motion to amend. (ECF No. 26). The objection is now ripe for ruling.

## II. Legal Analysis

### A. *R&R Standard of Review*

When reviewing an objection to a magistrate judge's recommendation, the Court must analyze the recommendation de novo. 28 U.S.C. § 636(b)(1)(C). Thus, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. In other words, the Court's de novo review of the R&R is not limited to Magistrate Judge Collins' legal analysis alone; the Court may also review her factual findings, and accept, reject, or modify those findings as it sees fit based on the evidence. *Id*.

Generalized objections, absent specific legal authority, do not invoke the district court's obligation to perform a de novo review of a magistrate judge's decision: "De novo review of a magistrate judge's recommendation is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made." *Banta Corp. v. Hunter Publ'g Ltd*., 915 F. Supp. 80, 81 (E.D. Wis. 1995). "[W]ithout specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a de novo determination does not arise. The general statements that a party 'objects' and 'incorporates all arguments previously made to the magistrate' will not suffice." *United States v. Molinaro*, 683 F. Supp. 205, 211 (E.D. Wis. 1988); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[s]ection 636(b)(1)(C) . . . does not on its face require any review at all . . . of any issue that is not the subject of an objection").

### B. *Defendant has Failed to Define the Legal Relationship Between Manifold and ERBE*

Although Defendant's objection goes on for thirteen pages, its argument boils down to its assertion that the Magistrate Judge should have accepted at face value its unsupported claim that ERBE is a "successor entity" to Manifold and held Plaintiff to the contractual limitations period

5

in the Employee Acknowledgment Form. The Court cannot agree. "Successor entity" is a meaningless term, encompassing a broad range of intercorporate relationships that may or may not involve the transfer of rights and liabilities. Magistrate Judge Collins was correct in concluding that the record was "not sufficiently developed" as to the relationship between ERBE and Manifold.

In *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228 (Ind. 1994), the Indiana Supreme Court discussed two ways one company can acquire another.

> Where a corporation's stock is sold, all liabilities of that corporation remain with that corporation. By contrast, where one corporation purchases the assets of another, the buyer does not assume the debts and liabilities of the seller. Generally recognized exceptions to this rule include (1) an implied or express agreement to assume the obligation; (2) a fraudulent sale of assets done for the purpose of escaping liability; (3) a purchase that is a de facto consolidation or merger; or (4) instances where the purchaser is a mere continuation of the seller.

*Id*. at 1233 (citations omitted). Finding the agreement in that case to be an asset sale, the Supreme Court found that the purchasing, or "successor," entity was not a party to, nor liable for, an employment contract between the plaintiff and its predecessor. *Id*. The rights of ERBE, then, are a matter of corporate and contractual law. They do not rise and fall on whether Defendant can slap the title "successor entity" on ERBE.

Defendant's authorities do not hold otherwise. In *Standard Reg. Co. v. Cleaver*, 30 F. Supp. 2d 1084 (N.D. Ind. 1988), Magistrate Judge Cosbey expressly found that the successor had "acquired all of the shares of" the predecessor and that the companies had "merged" under Ohio law. *Id*. at 1090. Magistrate Judge Cosbey then noted the importance of the merger, holding that "with a valid merger, such as we have here, the surviving corporation succeeds to the covenant rights of the merged corporation." *Id*. at 1093; *accord* Ind. Code § 23-1-40-6(a)(2), (3). *Cleaver*

6

was not decided on the loosey-goosey use of the term "successor entity," but on the blackletter corporate law governing corporate stock sales.

*Norlund v. Faust*, 675 N.E.2d 1142 (Ind. Ct. App. 1997), is similarly inapposite. There, the Indiana Court of Appeals upheld the enforcement of an employment contract after a sole proprietorship incorporated into a P.C. But the appellate court relied on the questionable reasoning that, since the employee's boss was the same, and since the goal of the employment contract was to work for that boss, the incorporation was a "mere technicality." *Id*. at 1153. Even if *Norlund* is an accurate statement of Indiana law, and the Court doubts it is, it is not a case involving the merger of two entities, and the record here does not show that Plaintiff had the same undying affinity for his employer.

Defendant's string-cited cases fare no better. In *Peters v. Davidson*, 359 N.E.2d 556 (Ind. Ct. App. 1977), the Court of Appeals expressly cited to the corporate merger statute, again highlighting the corporate form. *Id*. at 48. *Peters* also involved an express contractual assignment, *id*., further taking from the facts here. Defendant's remaining authorities are out-of-state, and do not discuss Indiana corporate law. They are unhelpful, then, in deciding this case.

While Magistrate Judge Collins called Defendant's claim that ERBE was a "successor entity" a legal conclusion (ECF No. 22 at 17), the Court finds the claim meaningless. Without a record demonstrating the essence of the merger, or integration, or name change, neither Magistrate Judge Collins nor this Court have any basis to hold that ERBE can enforce the contracts of Manifold. Defendant's objection to the R&R is overruled.[2]

---

[2] Although not before the Court, it questions whether the contractual limitations period applies in any event. A fair interpretation of the Employee Acknowledgment Form excludes "claims which must be brought first before" the EEOC from the 180-day limitations period. At the very least, this would seem to exclude Plaintiff's Title VII claims from the 180-day limitation. The sentence just after that exclusion, which names any number of employment actions as claims "to which this paragraph refers," only further muddies the waters—under which part of the paragraph do these claims fall, the 180-day limitations period or the exclusion? But this is a matter that can be fully developed after discovery and through later summary judgment briefing.

**III.     Conclusion**

For these reasons, Defendant's objection (ECF No. 23) is OVERRULED, and the Report and Recommendation (ECF No. 22) is ACCEPTED and ADOPTED. Plaintiff is ORDERED to file an Amended Complaint consistent with this Opinion and Order on or before December 24, 2024.

SO ORDERED on December 10, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT JUDGE
